UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL DANLEY,

      Petitioner,           CIVIL ACTION NO. 06-CV-11123-DT

vs.

                        DISTRICT JUDGE AVERN COHN

MILLICENT WARREN,         MAGISTRATE JUDGE MONA K. MAJZOUB

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Petitioner's Petition for Writ of Habeas Corpus (docket no. 1) filed on March 15, 2006 be **DENIED**.

**II.**    **REPORT:**

*A.*    *Procedural History*

        A jury convicted Petitioner of first degree murder and possession of a firearm in the commission of a felony in violation of Mich. Comp. Laws §§ 750.316 and 750.227b. (Docket no. 1 at 1). The state court sentenced him to life in prison for the murder conviction. (*Id.*) Petitioner appealed to the Michigan Court of Appeals claiming that the prosecution had presented insufficient evidence of premeditation and deliberation to support his first degree murder conviction. (*Id.* at 2). The court of appeals affirmed Petitioner's murder conviction. (*Id.*) Petitioner sought leave to appeal to the Michigan Supreme Court raising the same claim of insufficient evidence. (*Id.* at 2-3). However, that court denied leave to appeal. (*Id.*) Petitioner then filed this habeas corpus petition raising one ground for relief. (Docket no. 1). Petitioner claims that the prosecution failed to present sufficient evidence of premeditation and deliberation to allow the charge of first degree murder to go to the jury or to support

-1-

his conviction of that offense. (*Id.* at 5). Respondent filed a Response and an Amended Response requesting that Petitioner's petition be denied. (Docket nos. 5, 6). Respondent also filed copies of the state court transcripts of the trial and other proceedings in Petitioner's case. This matter has been referred to the undersigned for all pretrial matters. (Docket no. 21). The petition is therefore ready for ruling.

B.    *Factual Background*

Petitioner testified at his trial. He admitted that on July 13, 2002 he was at his house in Michigan when certain noises he heard led him to believe that his stepson, Myron Ray, was hurting Petitioner's wife, Sheila Danley. (Docket no. 15 at 6-7). Petitioner said that he grabbed a pistol from his bedroom closet and walked through his house to the family room and saw Myron rushing through the door from the garage towards him with a screwdriver in his hand. (*Id.*) Petitioner stated that he threw up the pistol and fired a shot to protect himself. (*Id.*) A struggle between Petitioner and Myron ensued, according to Petitioner. Petitioner testified that during the struggle the pistol discharged by accident, and Myron fell in the garage. (*Id.*)

The Michigan Court of Appeals summarized the evidence against Petitioner as follows:

> The previous relationship between defendant and the victim, defendant's actions before the killing, as well as the circumstances of the killing itself support an inference of premeditation and deliberation. The evidence establishes that defendant and the victim had been arguing since the night before the shooting. Defendant retrieved his pistol from his bedroom closet prior to the supposed attack by the victim. He fired his first shot while in the living room, missing the victim and striking the wall in the kitchen. He then fired the shot that killed the victim while in the garage. The evidence showed that defendant would have had to walk from the family room, through the kitchen and breezeway and into the garage to fire this shot. This allowed defendant to take a "second look" before firing the fatal shot. While defendant claims that he struggled with the victim and the gun accidentally went off, there was no evidence of a struggle, or evidence that the gun went off while defendant was struggling with the victim.

-2-

*People v. Danley*, No. 248423, slip op. at 1-2 (Mich. Ct. App. June 10, 2004).

C.      *Standard of Review*

Because Petitioner's application was filed after April 24, 1996, his petition is governed by the

provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-

132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Among other

amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or
>> involved an unreasonable application of, clearly
>> established Federal law, as determined by the Supreme
>> Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in light of the
>> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

D.      *Sufficiency of the Evidence*

Petitioner contends that insufficient evidence supports his murder conviction.  He argues that

witnesses testified that the two shots came in quick succession although no one gave an accurate

measurement of the interval.  (Docket no. 1 at 33).  Petitioner also argues that the circumstances of the

incident are inconsistent with Petitioner having a time to coolly reflect on his actions.  (*Id.* at 40).

Petitioner further contends that the record does not support a theory that Petitioner pursued Myron

before the fatal shot.  He attempts to distinguish the facts of this case from those of *People v. Tilley*, 405

Mich. 38 (1979), which the trial court relied on to deny Petitioner's motion for a directed verdict on the

murder charge.  (*Id.* at 40-41).

Sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). A reviewing court "faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear on the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Wright v. West*, 505 U.S. 277, 296-97 (1992).

Petitioner has failed to show that the decision of the Michigan Court of Appeals is based on an unreasonable determination of the facts as shown by the state court record. The evidence shows that Petitioner and Myron had been arguing since the night before the shooting. (Docket no. 11 at 9 & 19). Petitioner's testimony shows that he retrieved his pistol from his bedroom closet before the purported attack by Myron. (Docket no. 15 at 6-7). Petitioner's testimony also shows that he fired a shot in the living room. (*Id.*) This bullet was recovered in the attic and missed Myron. (Docket no. 14-2 at 2; no. 14 at 11). The testimony of the pathologist shows that Myron fell and died where he was shot in the garage. (Docket no. 14 at 11). The diagram of the crime scene and the testimony show that Petitioner would have had to walk from the family room through a doorway into the breezeway and through another doorway into the garage between firing the shot recovered in the attic and firing the shot that killed Myron.[1] (Docket no. 19 at 40; docket no. 14-2 at 2-8). The court also found that there was no

---

[1] The evidence showed that the murder weapon contained three live rounds, two fired rounds, and one round that was not fired but had an impression of a firing pin on it. (Docket no. 14 at 42). The bullet with the impression that was not fired was in the 12:00 position with the two fired rounds on either side of it. (*Id.* at 44-45). The murder weapon was in the possession of third parties after the shooting before police recovered it. (Docket no. 12 at 29). The evidence did not resolve the sequence of these shots.

-4-

evidence of a struggle in the family room and breezeway areas. This conclusion was supported by the evidence. (Docket no. 13 at 29).

This was a case where the jury could have made certain inferences from the facts presented at trial which could have resulted in a different outcome for Petitioner. The witnesses testified about the quick succession of the shots fired. However, the jury could have made particular inferences and found credible certain evidence leading to the conclusion that Petitioner pursued Myron from the family room to the garage and shot him there. Such evidence includes that which showed the layout of Petitioner's home, the location where the shooter would have been when he fired the bullet recovered in the attic, and the location where Myron was shot and fell. Myron may or may not have been armed with the screwdriver found near his body when he confronted Petitioner. However, the screwdriver's presence does not rule out the possibility that Myron was retreating when he was shot. The fact that Petitioner was in his home when these events occurred does not change the legal analysis. Therefore, although the jury could have made different inferences from the facts presented, the reviewing court properly presumed that the jury resolved such conflicts in favor of the prosecution. *See Wright,* 505 U.S. at 296-97.

Petitioner has also failed to show that the decision of the Michigan Court of Appeals is contrary to or involves an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). There is no disagreement as to the state law that was applied in this case. In order to convict a person of first degree murder in Michigan, the prosecution must prove that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *People v. Kelly,* 231 Mich. App. 627, 642 (1998). Premeditation may be proved by the previous relationship between the defendant and victim, the defendant's actions before and after the crime, and the circumstances of the killing itself. *People v. Plummer*, 229 Mich. App. 293, 300 (1998). A "pause" between the initial homicidal intent and

the ultimate act may be sufficient for premeditation and deliberation. (*Id.* at 301). However, first degree murder is generally understood to require "substantially more reflection on and comprehension of the nature of the act than the mere amount of thought necessary to form the intent to kill." (*Id.*)

The decision of the Michigan Court of Appeals shows how the jury could have found credible evidence and made reasonable inferences to conclude that Petitioner shot Myron with premeditation and deliberation. The jurors could have found that there was no struggle and that Petitioner confronted and pursued Myron into the garage and shot him after having sufficient time to think about his actions with a cool head. The court found consistent with federal law that a rational juror could have found the essential elements of first degree murder beyond a reasonable doubt. Accordingly, this Court finds no unreasonable determination of the facts or unreasonable application of the law by the state court. Petitioner's application for the Writ of Habeas Corpus should be DENIED.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 07, 2007                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

   I hereby certify that a copy of this Report and Recommendation was served upon Darnell Danley and Counsel of Record on this date.

Dated: March 07, 2007                    s/ Lisa C. Bartlett
                                         Courtroom Deputy