UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARNELL DANLEY,

        Petitioner,         Case Number: 06-11123

v.        HONORABLE AVERN COHN

MILLICENT WARREN,

        Respondent.
_____/


## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Darnell Danley (Petitioner), a state prisoner convicted of first degree murder and possession of a firearm in the commission of a felony and serving a life sentence, claimed he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed that there was insufficient evidence of premeditation and deliberation to support his first degree murder conviction. The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommended that the petition be denied for lack of merit. Petitioner objected. The Court overruled Petitioner's objections, adopted the MJRR, and dismissed the case. See Order filed May 21, 2007. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

]      The magistrate judge considered carefully considered Petitioner's sufficiency of the evidence claim and rejected it on the merits. Petitioner objected. The Court, on <u>de novo</u> review, agreed with the magistrate judge. Put simply, the evidence, viewed in the context of habeas review, was sufficient to convict Petitioner of the charged offenses and reasonable jurists would not debate this conclusion. As such, Petitioner is not entitled to a COA.

SO ORDERED.

     s/Avern Cohn  
     AVERN COHN  
     UNITED STATES DISTRICT JUDGE

Dated: June 25, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 25, 2007, by electronic and/or ordinary mail.

     s/Julie Owens  
     Case Manager, (313) 234-5160